By the Court.—-Arnoux, J.
This action was originally brought to dissolve a partnership and for an accounting. Under »n order in the action Isaac Newton was appointed receiver, and as such collected certain moneys.. Upon the first trial defendant recovered judgment, and thereupon said receiver, out of said moneys, paid $81.07 to defendant’s attorney. ■ The general term of this court, upon appeal, reversed said judgment, and on the second trial judgment was pronounced in *134 plaintiff’s favor. By this judgment it appears that the receiver had a balance in hand, after the payment of his fees, of $47, which sum with said $81.07, with interest, (which defendant was to repay) the receiver was directed to pay plaintiffs, and that plaintiffs should have judgment against defendant for the sum of $4,296.77, and have execution therefor.
This motion was made upon defendant’s failure to pay said moneys to said receiver, under the new Code, § 14, subd. 3, and § 1241, subd. 2 and 4, on the ground that by a final judgment defendant was adjudged to pay to an officer of the court a sum of money for the collection of which an execution could not be awarded, and which sum was not awarded in enforcing a contract or for the breach of a contract. The motion was opposed on affidavits that showed that defendant in fact did not receive the money, but that his attorney did, and he expended it for disbursements in the action; that this amount was included in the amount of the judgment in favor of plaintiffs for which execution was directed against defendant; and that defendant was unable to repay said moneys. The motion was denied.
In law the defendant received this money and is legally liable to repay the same.
The provisions of the Code above cited do not interfere with the issuing of an execution against defendant to recover back moneys paid on a judgment which has been reversed, for such moneys were received under an obligation to repay if the judgment were reversed, and, therefore, the above cited provisions of the code do not apply. It appears from the uncontroverted evidence of defendant’s attorney that plaintiffs have, as matter of fact, the right to issue execution therefor. To allow the punitive process of this court to be used to enforce the collection of a simple contract debt would be against that spirit of modern legislation and enlightened public sentiment that has abolished im *135 prisonment for debt, and would convert this process from a punishment of wrong into an instrument for the collection of money.
Besides this, the application was addressed to the discretion of the court. The defendant’s excuse for failing to obey the order commended itself, we must presume, to the favorable consideration of the court. If the order were denied on that ground this court will not disturb it. •
The order appealed from must be affirmed with ten dollars costs.
Freedman and Russell, JJ., concurred.